**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4259**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

STEVEN NOVAC MATTHEWS,

                    Defendant – Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:98-cr-00242-WO-1)

———————————

Submitted:  July 20, 2011                Decided:  August 5, 2011

———————————

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Ripley Rand, United States Attorney, Robert M.
Hamilton, Assistant United States Attorney, Jennifer C. Mathews,
Third Year Law Student Law Clerk, Greensboro, North Carolina,
for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Novac Matthews appeals the district court's order revoking his supervised release and sentencing him to twenty-four months in prison. Matthews argues that his sentence is plainly unreasonable because it was run consecutive to a sentence he is already serving. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38, 51 (2007)], whether a sentence is 'unreasonable.'").

Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Crudup, 461 F.3d at 439; see Finley, 531 F.3d at 294. Although the district court must consider the

2

Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2011), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Matthews argues that the district court's sentence is plainly unreasonable because the district court imposed the twenty-four-month sentence to run consecutive to the sentence he is currently serving. "In determining the reasonableness of a sentence, we 'give due deference to the district court's decision[.]'" Finley, 531 F.3d at 297 (quoting Gall, 552 U.S. at 51). Our review of the record confirms that the district court carefully evaluated Matthews' situation and reached the reasonable conclusion that a consecutive sentence was necessary to deter future criminal conduct and to protect the public from further crimes by Matthews. Accordingly, we conclude that the sentence imposed by the district court is not plainly unreasonable and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED